# EXHIBIT A

Case 1:14-cv-01037-KBJ   Document 1-1   Filed 06/18/14   Page 1 of 18

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| BRETT F. DYER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2014 CA 0003100 |
| | ) | |
| v. | ) | Judge Robert D. Okun |
| | ) | |
| MCCORMICK & SCHMICK'S | ) | |
| RESTAURANTS INC. *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:     The Clerk Of The Superior Court Of The District Of Columbia

Steven C. Kahn
Kahn & Schmarman, LLC
401 E. Jefferson Street, Suite 201
Rockville, MD 20850

PLEASE TAKE NOTICE that on the 18th day of June 2014, Defendants, McCormick and Schmick's Restaurants, Inc. ("M&S") and Landry's, Inc. ("Landry's"), by and through counsel, filed its Notice of Removal of this action to the United States District Court for the District of Columbia.  A true copy of the Notice of Removal is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court Of The District Of Columbia may not proceed further with this matter at this time.

17474061v.1

June 18, 2014

Respectfully submitted,

MCCORMICK AND SCHMICK'S
RESTAURANTS, INC.

LANDRY'S, INC.

/s/ Eric J. Janson
Eric J. Janson,  # 974395
SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004
(202) 463-2400 (telephone)
(202) 641-9232 (facsimile)

17474061v.1

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice Of Filing Of Notice Of Removal To

The United States District Court For The District Of Columbia was served electronically and by

first class mail, postage prepaid, this 18th day of June 2014 on:

Steven C. Kahn
Kahn & Schmarman, LLC
401 E. Jefferson Street, Suite 201
Rockville, MD 20850

Gordon Biersch Brewery Restaurant Group, Inc.
Office of General Counsel
201 W. Main Street, Suite 301
Chattanooga, TN 37408

/s/ Eric J. Janson

17474061v.1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BRETT F. DYER

Vs.                                              C.A. No.        2014 CA 003100 B

MCCORMICK & SCHMICK'S RESTAURANTS, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT D OKUN
Date:  May 21, 2014
Initial Conference: 9:30 am, Friday, August 22, 2014
Location:  Courtroom 317
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Brett F. Dyer
_____
Plaintiff

vs.

Landry's, Inc.
_____
Defendant

**14 - 0 0 0 3 1 0 0**

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Steven C. Kahn
_____
Name of Plaintiff's Attorney

401 E. Jefferson St. Ste. 201
_____
Address

Rockville MD 20850
_____

(301) 838-4113
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date   5/21/14

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA**

-

BRETT F. DYER
8001 Jordan Park Blvd.
District Heights, MD 20747

      Plaintiff

      v.

MCCORMICK & SCHMICK'S
  RESTAURANTS, INC.
1414 N.W. Northrup Street  Suite 700
Portland, Oregon 97209

      and

LANDRY'S, INC.
1510 West Loop South
Houston, Texas 77027

      and

GORDON BIERSCH BREWERY
  RESTAURANT GROUP, INC.
201 W. Main Street, Suite 301
Chattanooga, TN 37408

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

RECEIVED
Civil Clerk's Office
MAY 2 1 2014
Superior Court of the
District of Columbia
Washington, D.C.

**14-0003100**

Case No._____

**Jury Trial Demanded**

**COMPLAINT FOR DISCRIMINATORY AND RETALIATORY EMPLOYMENT
PRACTICES, INCLUDING NONPROMOTION AND TERMINATION**

Plaintiff Brett F. Dyer alleges:

1.    Jurisdiction over Plaintiff's claims of denial of promotion is conferred on this

Court by 42 U.S.C. § 1981.  Jurisdiction over Plaintiff's discriminatory /retaliatory discharge

claim, and his post-discharge retaliation claims, is conferred on this Court by the District of

Columbia Human Rights Act, D.C. Code § 2-140.01 et seq.  In addition, this Court has personal

jurisdiction over Defendants, which operate restaurants in the District of Columbia and

elsewhere.

2.    Venue properly lies in this judicial district in which the unlawful employment

practices were largely committed and in which Plaintiff would have worked but for Defendants'

illegal conduct.

## PARTIES

3.    Plaintiff Brett F. Dyer, an African-American male employed as a chef in the District

of Columbia for many years, seeks relief under federal and District of Columbia law for racially

discriminatory and retaliatory denials of promotion and discharge by Defendants McCormick &

Schmick's Seafood Restaurants, Inc. and Landry's, Inc., and post-termination retaliatory conduct

by all Defendants.

4.    Defendant McCormick & Schmick's Seafood Restaurants, Inc. ("M&S") operates

restaurants at numerous locations throughout the country, including the District of Columbia.

5.    Defendant Landry's, Inc. ("Landry's"), a leader in dining, hospitality and

entertainment that acquired M&S in 2012, owns and operates more than 500 restaurants, hotels,

casinos and entertainment centers in 35 states and the District of Columbia.

6.    Defendant Gordon Biersch Brewery Restaurant Group, Inc. ("Gordon Biersch")

operates 35 restaurants in 19 states, and two restaurants in the District of Columbia.

## COMMON ALLEGATIONS

2

A.   **Background**

7.      Plaintiff began working for M&S on December 10, 2005, as a sous chef, in which capacity he served until his unlawful termination on May 27, 2013.

8.      During his employment, Plaintiff received highly favorable performance evaluations, and also periodically received bonuses in recognition of his contributions to M&S.

B.      **M&S's History Of Passing Over Plaintiff For Promotion In Favor Of Relatively Inexperienced White Candidates**

9.      For the first two years of his employment, Plaintiff worked at M&S's 13th Street grill, reporting to executive chef Lisa Thompson.  Sometime in 2007, Plaintiff transferred to M&S's 9th Street restaurant (901 F Street, NW).

10      Not long after his arrival at the 9th Street restaurant, Plaintiff was assigned to train a less qualified, white chef ( Reynaldo Suazo), who had been selected by management to succeed the departing head chef.  Plaintiff, who, on many occasions, had expressed interest in promotion to executive chef, protested the racially discriminatory selection, and was assured by Regional Chef Ralph Harrison that if he trained Mr. Suazo, he would be in line for a promotion to operational chef at Restaurant K.

11.      The promised promotion to operational chef at Restaurant K never materialized. Instead, Regional Chef Harrison transferred Plaintiff back to the 13th Street grill to fill in temporarily for executive chef Lisa Thompson, who had been injured in an automobile accident.

12.      During Plaintiff's approximately one year tenure as executive chef, the 13th Street restaurant experienced a significant turn-around.  When Plaintiff assumed control of the kitchen, the restaurant  was ranked 89 out of 114 M & S restaurants.  In only two months, the restaurant's ranking improved to 58.  Within only a year, the restaurant's ranking skyrocketed from 58 to 1.

13.     Despite his remarkable achievements as acting executive chef at the 13th Street grill, Plaintiff was once again passed over for promotion.  M&S instead selected a relatively inexperienced, white chef (Aaron Hagstaff) to head the 13th Street kitchen operations,  and assigned Plaintiff to train the successful candidate.

14.     Plaintiff frequently was called upon to groom less qualified, white selectees for an executive chef position that had long been denied him despite his eminent qualifications for the job.

## C.     Plaintiff's History Of Protected Oppositional Activity

15.     On several occasions over the years, Plaintiff complained generally to M&S management about its policy or practice of not promoting African-Americans to higher-level positions and, in particular, to its longstanding failure to promote him to executive chef despite his qualifications.

16.     The managers to whom Plaintiff verbally complained included without limitation M&S Operations Manager Nathan Holm, Corporate Chef Tony Marcello, General Manager Jeff White and Regional Director Brandon Lofton.

17.     In addition, Plaintiff filed complaints of racially discriminatory and retaliatory employment practices with the Equal Employment Opportunity Commission (EEOC).

18.     On March 30, 2011, Plaintiff filed a discrimination charge with the EEOC, alleging, in part, that he had been denied promotion to executive chef because of his race (African-American).

19.     On October 13, 2012, Plaintiff filed a discrimination charge with the EEOC, again alleging racially discriminatory promotion practices.

## D.     Defendants Landry's And M&S's Discriminatory/Retaliatory Termination Of Plaintiff's Employment

4

20.     Sometime in 2012, Landry's acquired M&S.

21.     In the first few months of 2013, Landry's closed several M&S restaurants in the Washington, DC metropolitan area, including the 13th Street grill at which Plaintiff had worked for most of his long career with M&S.

22.     On May 27, 2013, M&S Regional Director Brandon Lofton notified Plaintiff of his termination.  Mr. Lofton declined to give a reason for the termination other than to note vaguely that "there was no place for him following the closing of the 13th Street restaurant."

23.     In contrast, Defendants Landry's and M&S were able to find a "place" for other, white chefs and staff who were employed at the 13th Street grill at the time of its closing, none of whom, in contrast to Plaintiff, had ever complained of discriminatory employment practices.

E.     **Post-Termination Retaliatory Behavior**

24.     On May 28, the day after Plaintiff's termination, Landry's counsel warned Plaintiff in writing that "legal action" would be taken against him should he violate a Confidentiality and Non-Solicitation Agreement that Landry's and M&S had no reason to believe would be violated.

25.     In June or early July, 2013, Plaintiff applied for a chef position advertised by Defendant Gordon Biersch.

26.     Plaintiff was interviewed for the position and given an offer subject to a reference check.

27.     A Landry's manager advised the reference checker against hiring Plaintiff because he was a "problem" employee.

28.     Defendant Gordon Biersch retracted its job offer upon receipt of the unjustified, retaliatory reference.

5

## COUNT I

**(Racially Discriminatory Denial of Promotion to Executive Chef at 13th Street Grill in Violation of 42 U.S.C. § 1981 - - Defendant M&S)**

29.    Plaintiff incorporates ¶¶ 1-28.

30.    In 2010 or 2011, Plaintiff applied for the position of executive chef at the 13th Street grill.

31.    Plaintiff was interviewed for the position, but was not selected despite his obvious qualifications and experience.

32.    The successful, white candidate (Duane Keller) was less qualified and less experienced than Plaintiff.

33.    Plaintiff was denied the promotional opportunity because of his race, in violation of 42 US.C. § 1981.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant M&S and award him back pay; restitution of benefits; compensatory damages, including emotional distress damages; other appropriate legal and equitable relief, including punitive damages; and reasonable attorney's fees and costs.

## COUNT II

**(Racially Discriminatory Denial of Promotion to Executive Chef Elsewhere in Chain in Violation of 42 U.S.C. § 1981-- Defendant M&S)**

34.    Plaintiff incorporates ¶¶1-33.

35.    On information and belief, several vacancies in executive chef positions at area M&S restaurants have arisen on or after May 21, 2010.

36.    Plaintiff was neither considered nor selected for any of the executive chef positions despite his obvious qualifications and experience.

37.     The successful, white candidates were less qualified and less experienced than Plaintiff.

38.     Plaintiff was not selected for any of the foregoing vacancies because of his race, in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant M&S and award him back pay; restitution of benefits; compensatory damages, including emotional distress damages; other appropriate legal and equitable relief, including punitive damages; and reasonable attorney's fees and costs.

## COUNT III

### (Racially Discriminatory/Retaliatory Discharge in Violation of D.C. Human Rights Act - - Defendants M&S and Landry's)

39.     Plaintiff incorporates ¶ ¶1-38.

40.     At relevant times, Defendants Landry's and M&S were Plaintiff's "employer," as defined by D.C. Code § 2-1401.02 (10), (21).

41.     At relevant times, Plaintiff was an "employee" of Defendants Landry's and M&S, as defined by D.C. Code § 2-1401.02(9).

42.     At all times, Plaintiff was meeting or exceeding the legitimate expectations of his employers.

43.     On May 27, 2013, following the closing of the M&S 13th street grill, Defendants Landry's and M&S terminated Plaintiff's employment for the stated reason that "there was no place for him."

44.     Defendants Landry's and M&S managed to find a "place" for other chefs and staff at the 13th Street grill, all of whom are white and none of whom had been a "problem" employee who complained about illegal employment practices.

7

45.     The reason given by Defendants Landry's and M&S for Plaintiff's termination, in lieu of reassignment to a different location, was a pretext for race discrimination and retaliation for opposing discriminatory employment practices.

46.     Plaintiff's race and protected oppositional activities were motivating factors in Defendants' decision to terminate his employment.

47.     By engaging in the foregoing conduct, Defendants Landry's and M&S violated D.C. Code § 2-1402.11(a)(1).

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants Landry's and M&S and award him back pay; consequential damages under D.C. Code § 32-509(b)(6)(B)(ii); restitution of forfeited employment benefits; liquidated damages as provided by D.C. Code 32-509(b)(A)(6); other appropriate legal and equitable relief, including, but not limited to, reinstatement in the position of executive chef; and reasonable attorney's fees and costs.

**COUNT  IV**

**(Post-Termination Retaliatory Behavior in Violation of D.C. Human Rights Act - -
Defendants Landry's and M&S)**

48.     Plaintiff incorporates ¶¶ 1-47.

49.     On the day following Plaintiff's termination, Landry's, through counsel, ominously warned Plaintiff that he would face "legal action" should he violate a Confidentiality and Non-Solicitation Agreement that Landry's and M&S had no reason to believe would be violated.  (above, ¶ 24).

50.     Following the unlawful termination of Plaintiff's employment, Defendant Gordon Biersch offered Plaintiff a job subject only to a reference check with Defendants Landry's/M&S (above, ¶¶ 25-28).

51.    Defendants Landry's and M&S informed Defendant Gordon Biersch that Plaintiff was a "problem" employee, i.e., an employee who stands up for his right to a workplace free of racial discrimination and retaliation, and that he should not be hired.

52.    But for the false, retaliatory job reference (above, ¶ 51), Defendant Gordon Biersch would not have retracted its job offer to Plaintiff.

53.    By engaging in the foregoing conduct, Defendants Landry's and M&S violated the anti-retaliation provisions of the D.C. Human Rights Act, D.C. Code § 2-1402. 61(b), which prohibits "suggesting" retaliation against an employee because of his opposition to unlawful employment practices, and D.C. Code § 2-1402.62, which prohibits "aiding or abetting" the commission of an unlawful discriminatory practice.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants Landry's and M&S, and award him backpay; consequential damages under D.C. Code § 32-509(b)(6)(B)(ii); restitution of forfeited employment benefits; liquidated damages as provided by D.C. Code § 32-509(b)(A)(6); other appropriate legal and equitable relief; and reasonable attorney's fees and costs.

## COUNT  V

### (Retaliatory Withdrawal of Job Offer in Violation of the D.C. Human Rights Act - - Defendant Gordon Biersch)

54.    Plaintiff incorporates ¶¶1-53.

55.    D.C. Code § 2-1402.61(a) prohibits retaliation against an employee "on account of" his exercise of a protected right.

56.    As described previously (above, ¶ 26), Gordon Biersch offered Plaintiff a job in July, 2013 as a chef at one of its two restaurants in Washington, D.C.

9

57.     As also described previously (above, ¶ 28), Gordon Biersch withdrew its job offer upon learning from Defendants Landry's and M&S that Plaintiff was a "problem" employee who complained of discriminatory employment practices.

58.     By engaging in the foregoing conduct, Gordon Biersch violated the anti-retaliation provisions of the D.C. Human Rights Act, D.C. Code § 2-1402.61.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant Gordon Biersch and award him back pay; consequential damages under D.C. Code § 32-509(b)(6)(B)(ii); restitution of forfeited employment benefits; liquidated damages as provided by D.C. Code § 32-509(b)(A)(6); other appropriate legal and equitable relief, including, but not limited to, instatement in the position unlawfully denied him; and reasonable attorney's fees and costs.

Respectfully submitted,

**KAHN & SCHARMAN, LLC**

By: _____

Steven C. Kahn
D.C. Bar #330431
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
(301)-838-4113
skahn@kahn-law.com

and

**THE MIHALICH LAW FIRM**

By: _____

Matt Mihalich
(Admission to District of Columbia bar pending)
5425 Wisconsin Avenue

10

matt@mihalichlaw.com

Attorneys for Plaintiff

May 21, 2014