## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRETT F. DYER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MCCORMICK AND SCHMICK'S RESTAURANT, INC., LANDRY'S, INC., and GORDON BIERSCH BREWERY RESTAURANT GROUP, INC.,**<br><br>**Defendants.** | Case No. 1:14-cv-01037-KBJ |

## DEFENDANT GORDON BIERSCH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Gordon Biersch Brewery Restaurant Group, Inc. ("Gordon Biersch"), by and through its attorneys, Littler Mendelson, P.C., hereby submits its Answer and Affirmative Defenses to Plaintiff Brett F. Dyer's ("Plaintiff's") Complaint.

1. Gordon Biersch admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the statutes cited in paragraph 1 of the Complaint, but denies that it violated any statute or engaged in any wrongdoing of any kind. Additionally, jurisdiction is a legal conclusion which requires neither an admission nor a denial, but if a response is required, Gordon Biersch denies it.

2. Gordon Biersch admits that Plaintiff purports to invoke the venue of the Court, but denies that it engaged in any unlawful employment practice or any other illegal conduct.

Additionally, the existence of venue is a legal conclusion which requires neither an admission nor a denial, but if a response is required, Gordon Biersch denies it.

## PARTIES

3. Gordon Biersch admits that Plaintiff purports to seek relief under federal and District of Columbia law for race discrimination and retaliation. Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and therefore denies the same.

4. Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies the same.

6. Gordon Biersch admits that it operates 41 restaurants in 20 states in the United States, and two of the 35 restaurants are located in the District of Columbia.

## COMMON ALLEGATIONS

A. **Background**

7. The allegations in paragraph 7 of the Complaint are directed to Defendant McCormick and Schmick's Restaurant, Inc. ("M&S"). To the extent that paragraph 7 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies the same.

8. The allegations in paragraph 8 of the Complaint are directed to Defendant M&S. To the extent that paragraph 8 contains allegations directed to Gordon Biersch, Gordon Biersch

is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

B.  **M&S's History Of Passing Over Plaintiff For Promotion In Favor Of <u>Relatively Inexperienced White Candidates</u>**

9. The allegations in paragraph 9 of the Complaint are directed to Defendant M&S. To the extent that paragraph 9 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. The allegations in paragraph 10 of the Complaint are directed to Defendant M&S. To the extent that paragraph 10 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. The allegations in paragraph 11 of the Complaint are directed to Defendant M&S. To the extent that paragraph 11 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. The allegations in paragraph 12 of the Complaint are directed to Defendant M&S. To the extent that paragraph 12 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13. The allegations in paragraph 13 of the Complaint are directed to Defendant M&S. To the extent that paragraph 13 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. The allegations in paragraph 14 of the Complaint are directed to Defendant M&S. To the extent that paragraph 14 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

C. **Plaintiff's History Of Protected Oppositional Activity**

15. The allegations in paragraph 15 of the Complaint are directed to Defendant M&S. To the extent that paragraph 15 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. The allegations in paragraph 16 of the Complaint are directed to Defendant M&S. To the extent that paragraph 16 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17. Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18. Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19. Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

D. **Defendants Landry's And M&S's Discriminatory/Retaliatory Termination Of Plaintiff's Employment**

20. The allegations in paragraph 20 of the Complaint are directed to Defendants M&S and/or Landry's, Inc. ("Landry's"). To the extent that paragraph 20 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies the same.

21. The allegations in paragraph 21 of the Complaint are directed to Defendants M&S and/or Landry's. To the extent that paragraph 21 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies the same.

22. The allegations in paragraph 22 of the Complaint are directed to Defendants M&S and/or Landry's. To the extent that paragraph 22 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies the same.

23. The allegations in paragraph 23 of the Complaint are directed to Defendants M&S and/or Landry's. To the extent that paragraph 23 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies the same.

E. **Post-Termination Retaliatory Behavior**

24. The allegations in paragraph 24 of the Complaint are directed to Defendants M&S and/or Landry's. To the extent that paragraph 24 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25. Gordon Biersch admits that Plaintiff began the application process for a chef position with Gordon Biersch in or around May of 2013.

26. Gordon Biersch admits that Plaintiff was interviewed and given an offer. Gordon Biersch denies the remainder of the allegations in paragraph 26 of the Complaint.

27. Gordon Biersch denies the allegations in paragraph 27 of the Complaint.

28. Gordon Biersch denies the allegations in paragraph 28 of the Complaint.

## COUNT I

**(Racially Discriminatory Denial of Promotion to Executive Chef at 13th Street Grill in Violation of 42 U.S.C. § 1981 - - Defendant M&S**

29. Gordon Biersch incorporates its responses to paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30. The allegations in paragraph 30 of the Complaint are directed to Defendant M&S. To the extent that paragraph 30 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies the same.

31. The allegations in paragraph 31 of the Complaint are directed to Defendant M&S. To the extent that paragraph 31 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31of the Complaint, and therefore denies the same.

32. The allegations in paragraph 32 of the Complaint are directed to Defendant M&S. To the extent that paragraph 32 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies the same.

33. The allegations in paragraph 33 of the Complaint are directed to Defendant M&S. The allegations in paragraph 33 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 33 of the Complaint.

Gordon Biersch admits only that Plaintiff demands the relief set forth in the "WHEREFORE" paragraph under Count I, but denies that Plaintiff is entitled to any such relief requested therein.

## COUNT II

**(Racially Discriminatory Denial of Promotion to Executive Chef Elsewhere in Chain in Violation of 42 U.S.C. § 1981 - - Defendant M&S**

34. Gordon Biersch incorporates its responses to paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. The allegations in paragraph 35 of the Complaint are directed to Defendant M&S. To the extent that paragraph 35 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies the same.

36. The allegations in paragraph 36 of the Complaint are directed to Defendant M&S. To the extent that paragraph 36 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies the same.

37. The allegations in paragraph 37 of the Complaint are directed to Defendant M&S. To the extent that paragraph 37 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies the same.

38. The allegations in paragraph 38 of the Complaint are directed to Defendant M&S. The allegations in paragraph 38 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 38 of the Complaint.

Gordon Biersch admits only that Plaintiff demands the relief set forth in the "WHEREFORE" paragraph under Count II, but denies that Plaintiff is entitled to any such relief requested therein.

## COUNT III

**(Racially Discriminatory/Retaliatory Discharge in Violation of D.C. Human Rights Act - - Defendants M&S and Landry's)**

39. Gordon Biersch incorporates its responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully set forth herein.

40. The allegations in paragraph 40 of the Complaint are directed to Defendants M&S and Landry's. The allegations in paragraph 40 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 40 of the Complaint.

41. The allegations in paragraph 41 of the Complaint are directed to Defendants M&S and Landry's. The allegations in paragraph 41 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 41 of the Complaint.

42. The allegations in paragraph 42 of the Complaint are directed to Defendants M&S and Landry's. To the extent that paragraph 42 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies the same.

43. The allegations in paragraph 43 of the Complaint are directed to Defendants M&S and Landry's. To the extent that paragraph 43 contains allegations directed to Gordon Biersch,

Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies the same.

44. The allegations in paragraph 44 of the Complaint are directed to Defendants M&S and Landry's. To the extent that paragraph 44 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies the same.

45. The allegations in paragraph 45 of the Complaint are directed to Defendants M&S and Landry's. The allegations in paragraph 45 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 45 of the Complaint.

46. The allegations in paragraph 46 of the Complaint are directed to Defendants M&S and Landry's. The allegations in paragraph 46 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 46 of the Complaint.

47. The allegations in paragraph 47 of the Complaint are directed to Defendants M&S and Landry's. The allegations in paragraph 47 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 47 of the Complaint.

Gordon Biersch admits only that Plaintiff demands the relief set forth in the "WHEREFORE" paragraph under Count III, but denies that Plaintiff is entitled to any such relief requested therein.

### COUNT IV

**(Post-Termination Retaliatory Behavior in Violation of D.C. Human Rights Act - - Defendants Landry's and M&S)**

48. Gordon Biersch incorporates its responses to paragraphs 1 through 47 of Plaintiff's Complaint as if fully set forth herein.

49. The allegations in paragraph 49 of the Complaint are directed to Defendants M&S and Landry's. To the extent that paragraph 49 contains allegations directed to Gordon Biersch, Gordon Biersch is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies the same.

50. Gordon Biersch denies the allegations in paragraph 50 of the Complaint.

51. Gordon Biersch denies the allegations in paragraph 51 of the Complaint.

52. Gordon Biersch denies the allegations in paragraph 52 of the Complaint.

53. The allegations in paragraph 53 of the Complaint are directed to Defendants M&S and Landry's. The allegations in paragraph 53 of the Complaint also contain a legal conclusion and, therefore, require neither an admission nor a denial. To the extent that an admission or denial is required of Gordon Biersch, Gordon Biersch denies the allegations of paragraph 53 of the Complaint.

Gordon Biersch admits only that Plaintiff demands the relief set forth in the "WHEREFORE" paragraph under Count IV, but denies that Plaintiff is entitled to any such relief requested therein.

## COUNT V

**(Retaliatory Withdrawal of Job Offer in Violation of the D.C. Human Rights Act - - Defendant Gordon Biersch)**

54.     Gordon Biersch incorporates its responses to paragraphs 1 through 53 of Plaintiff's Complaint as if fully set forth herein.

55.     Gordon Biersch admits that D.C. Code § 2-1402.61(a) states "[i]t shall be an unlawful discriminatory practice to coerce, threaten, retaliate against, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under this chapter," and denies the remainder of the allegations in paragraph 55 of the Complaint.

56.     Gordon Biersch admits that it offered Plaintiff a job in July 2013 as a sous chef at one of its two restaurants in Washington, D.C., and denies the remainder of the allegations in paragraph 56 of the Complaint.

57.     Gordon Biersch denies the allegations in paragraph 57 of the Complaint.

58.     Gordon Biersch denies the allegations in paragraph 58 of the Complaint.

Gordon Biersch admits only that Plaintiff demands the relief set forth in the "WHEREFORE" paragraph under Count V, but denies that Plaintiff is entitled to any such relief requested therein.  Gordon Biersch further denies that Plaintiff is entitled to consequential damages under D.C. Code § 32-509(B)(6)(b)(ii) and D.C. Code § 32-509(b)(A)(6).

Gordon Biersch denies all allegations of the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All actions taken by Gordon Biersch with regard to Plaintiff were based on reasonable factors and legitimate business reasons, and not retaliatory animus.

### THIRD AFFIRMATIVE DEFENSE

All employment actions taken by Gordon Biersch with respect to Plaintiff were based on legitimate, non-retaliatory reasons, and were lawful, proper, and appropriate. Plaintiff's claims are barred on the grounds that even if any decision made by Gordon Biersch was based, in part, on retaliatory grounds, Gordon Biersch would have reached the same decision absent any alleged retaliation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim of retaliation is barred to the extent that Plaintiff did not engage in statutorily protected activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of retaliation because the decision-makers were not aware that he made any complaints of discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages attributable to Gordon Biersch.

**SEVENTH AFFIRMATIVE DEFENSE**

Because discovery has not been completed at this stage of the case, Gordon Biersch reserves the right to assert additional defenses, as appropriate.

WHEREFORE, Defendant Gordon Biersch Brewery Restaurant Group, Inc. prays for judgment against Plaintiff as follows:

1. For an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Gordon Biersch and against Plaintiff;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by Gordon Biersch in connection with the defense of this matter;

3. For any other such relief as the Court in the exercise of its discretion deems just and proper.

Dated: June 25, 2014                                            Respectfully Submitted,

/s/ Alison N. Davis
Alison N. Davis (Bar No. 429700)
Sherron Thomas McClain (Bar No. 987190)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
Telephone:  202.842.3400
Facsimile:  202.842.0011
andavis@littler.com
smmclain@littler.com

Counsel for Defendant
Gordon Biersch Brewery Restaurant Group, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June 2014, a copy of the foregoing Defendant Gordon Biersch's Answer and Affirmative Defenses to Plaintiff's Complaint was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Matt Mihalich
5425 Wisconsin Avenue
PMB #636, Suite 600
Chevy Chase, MD 20815
Phone: (301) 518-2432

Steven C. Kahn
401 E. Jefferson Street
Suite 201
Rockville, MD 20850
Phone: (301) 838-4113

Attorneys for Plaintiff

Eric J. Janson
SEYFARTH SHAW LLP
975 F Street, NW Washington, D.C. 20004
(202) 463-2400 (telephone)

Attorney for Defendants
McCormick and Schmick's Restaurant, Inc.
and Landry's Inc.

/s/  Alison N. Davis
Alison N. Davis

Firmwide:127597151.2 625000.3715